UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF VIRGINIA
Richmond Division

**RUSSELL EDMUND SHIFFLETT, SR.,**

 *Plaintiff*,

v.                Civil Action File No. __3:23cv326__
                    **JURY TRIAL DEMANDED**

**ANDREW DASHAWN BROWN,**
**d/b/a BROWN & SON TRUCKING LLC**
**Serve:** Office of the Secretary of the Commonwealth
    Service of Process Department
    P.O. Box 2452
    Richmond, VA 23218-2452

**and**

**DANNY PAUL GIVENS**
**Serve:** Office of the Secretary of the Commonwealth
    Service of Process Department
    P.O. Box 2452
    Richmond, VA 23218-2452

 *Defendants*.

**COMPLAINT**

 COMES NOW the Plaintiff, Russell Edmund Shifflett, Sr., by counsel and files this Complaint against Defendants Andrew Dashawn Brown, d/b/a Brown & Son Trucking LLC, and Danny Paul Givens, seeking judgment, jointly and severally, for compensatory damages, with interest from June 1, 2021, for personal injuries he sustained on that date. In support of his Complaint, the Plaintiff states as follows:

**Parties, Jurisdiction, and Venue**

 1. Plaintiff Russell Edmund Shifflett, Sr. (hereinafter "Shifflett") currently resides at 6060 Valley Pike, Stephens City, Virginia 22655.

2. Defendant Danny Paul Givens (hereinafter "Givens") was, at all relevant times, a citizen of the State of North Carolina, with a last known address of 243 BB Vaughan Lane, Conway, North Carolina 27820.

3. At the time of the acts described herein, Givens was employed by, acting as an agent of, or a joint venturer with Defendant Andrew Dashawn Brown, d/b/a Brown & Son Trucking LLC (hereinafter "Brown & Son Trucking"), which was, at all relevant times, a foreign corporation with its principal place of business in Bladenboro, North Carolina.  At the time of the acts described herein, Givens was acting in the scope of his employment, agency, or venture with Brown & Son Trucking, such that Brown & Son Trucking is vicariously liable for Givens' tortious conduct.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court because the tortious acts and omissions complained of herein occurred in Nottoway County, Virginia.

**Factual Background**

6. On June 1, 2021, at approximately 8:41 a.m., Shifflett was the driver of a 1998 Kenworth tractor trailer lawfully traveling eastbound on Route 360 (Patrick Henry Highway) in the right travel lane, approaching the intersection with Route 702 (Vo-Tech Road) in Nottoway County, Virginia.

7. Defendants were operating a 2011 Freightliner tractor trailer and were slowed or stopped on the eastbound right shoulder of Route 360 (Patrick Henry Highway) near the intersection of Route 702.

8. As Shifflett approached the intersection with Route 702 (Vo-Tech Road) and Defendants' tractor trailer on the right shoulder, Defendants dangerously and unexpectedly turned left from the right shoulder area, blocking Route 360 east, while apparently attempting to make a sudden left into the Tyson's Chicken Plant located on the north side of Route 360 (Patrick Henry Highway), thereby turning immediately into the path of Shifflett.

9. Shifflett veered left to attempt to avoid colliding with Defendants' tractor trailer. Nevertheless, he collided with the driver's side of Defendant's tractor and then proceeded across the two westbound lanes of Route 360 and down into a ditch along the westbound shoulder of Route 360 before coming to a rest in the grass along the driveway leading to the Tyson Chicken facility.

10. As a result of the collision with Defendants' tractor and the ensuing trajectory into the ditch, Shifflett sustained serious injuries to numerous areas of his body.

## Negligence of Defendants Brown & Son Trucking and Givens

11. All preceding allegations are incorporated herein by reference.

12. At all material times, Defendants were subject to the laws of the Commonwealth of Virginia as well as the regulations and standards imposed by Federal Motor Carrier Safety Act.

13. Defendants owed a duty to Mr. Shifflett to exercise reasonable care in the operation of their tractor trailer.

14. Defendants breached that duty in that they, among other acts and omissions:

a. Failed to make a safe and proper left turn from the designated left turn lane;

b. Failed to keep a proper lookout under the conditions of the highway at the time;

c. Failed to maintain proper control of the tractor trailer;

    d.    Failed to keep the tractor trailer in its proper lane of travel;

    e.    Failed to see what was in plain sight under the circumstances of the highway at the time;

    f.    Failed to yield the right-of-way;

    g.    Were distracted and/or failed to be attentive and aware of other motorists and/or roadway conditions;

    h.    Failed to use ordinary care by attempting a dangerous and unexpected left turn from the right shoulder, directly into the path of oncoming traffic;

    i.    Failed to follow applicable Federal Motor Carrier Safety Regulations which have been adopted by the Commonwealth of Virginia; and

    j.    Failed to exercise reasonable care under the circumstances then and there existing.

15. As a proximate and direct result of Defendants' negligence, Mr. Shifflett suffered serious, debilitating, and permanent injuries.

16. Defendants' negligent acts and omissions as described herein proximately caused serious and permanent physical injury to Shifflett, as set forth below.

## **Damages**

14. All preceding allegations are incorporated by reference as if fully set forth herein.

15. As a direct and proximate cause of Defendants' negligence, Plaintiff Russell Edmund Shifflett, Sr. has sustained serious and painful injuries which are or may be permanent; he has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; he has incurred substantial expenses for doctors and related medical care, and in the future he will or may continue to incur such expenses in an effort to be cured and healed; he has missed time from work, and in the future he will or may continue to lose time from work; he will or may lose income and earning capacity as well as other benefits such as his job as a commercial truck driver; he has sustained scarring and/or disfigurement;  and he has been unable

to perform all of the requirements of daily living or enjoy the normal activities of life, and will or may continue to be unable to perform all of these activities in the future.

16. In addition to the compensatory damages awarded by the jury, the Plaintiff is entitled to recover, pursuant to Section 8.01-382 of the Code of Virginia, interest at the statutory rate thereon from June 1, 2021.

WHEREFORE, Plaintiff Russell Edmund Shifflett, Sr. demands judgment against Defendants Andrew Dashawn Brown, d/b/a Brown & Son Trucking LLC and Danny Paul Givens, jointly and severally, for his sustained personal injuries, with interest at the statutory rate from June 1, 2021, and his costs in this behalf expended.

**TRIAL BY JURY IS DEMANDED.**

                                      Respectfully,

                                      RUSSELL EDMUND SHIFFLETT, SR.
                                      By Counsel

/s/ E. Kyle McNew
J. Gregory Webb, Esquire (VSB No. 38157)
E. Kyle McNew, Esquire (VSB No. 73210)
MICHIEHAMLETT PLLC
310 4th Street NE, 2nd Floor
Charlottesville, Virginia 22902
Telephone: (434) 951-7200
Facsimile: (434) 951-7257
Email: gwebb@michiehamlett.com
Email: kmcnew@michiehamlett.com

*Counsel for Plaintiff*